IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Joyce D. Gaines, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 9:08-562-HMH-BM |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner | ) | |
| of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Joyce D. Gaines ("Gaines") seeks judicial review of the Commissioner of Social Security's ("Commissioner") denial of Gaines' application for disability insurance benefits ("DIB") under Title II of the Social Security Act. In his Report and Recommendation, Magistrate Judge Marchant recommends affirming the Commissioner's decision. Gaines filed objections to the recommendation. For the reasons stated below, the court reverses the Commissioner's decision and remands this matter for further consideration.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

## I. Factual and Procedural Background

The facts are fully set forth in the decision of the administrative law judge ("ALJ"), (R. at 21-28), and summarized as follows. At the time of the ALJ's decision on April 25, 2007, Gaines was a forty-eight-year-old woman with an eighth grade education. (Id. at 70, 91.) Her past relevant employment includes work as a certified nursing assistant, machine operator, and stocker. (Id.) Gaines filed an application for DIB on January 25, 2005. She alleges that she has been disabled since November 27, 2002, due to back problems, high blood pressure, diabetes, and high cholesterol. (Id. at 85.)

Gaines' application was denied initially and on reconsideration. (Id. at 62.) After a hearing held February 21, 2007, the ALJ issued a decision dated April 20, 2007, denying benefits. (R. at 21-28.) The ALJ's decision became final after the Appeals Council adopted the ALJ's decision with the exception of finding that Gaines was last insured on March 31, 2005, as opposed to December 31, 2004, as found by the ALJ. (Id. at 9.) Gaines filed the instant action on February 18, 2008.

## II. Report and Recommendation

Magistrate Judge Marchant recommends affirming the Commissioner's decision finding that the ALJ (1) "adequately explained his rationale" for finding that Gaines did not meet listing 1.04A, (2) properly evaluated Gaines' obesity, and (3) conducted a proper "credibility analysis" and properly evaluated "the evidence with respect to [her] complaints of pain." (Report & Recommendation, generally.)

### III. Discussion of the Law

#### A. Standard of Review

Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). In other words, the court "must uphold the factual findings of the [Commissioner only] if they are supported by substantial evidence *and* were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (emphasis added).

"A factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). "Substantial evidence" is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (internal quotation marks omitted). Hence, if the Commissioner's finding is supported by substantial evidence, the court should uphold the Commissioner's finding even if the court disagrees with it. See id.

#### B. Objections

Gaines objects to the magistrate judge's Report and Recommendation arguing that the Commissioner's decision is not supported by substantial evidence. (Objections 1.) Specifically, Gaines argues that (1) the ALJ failed to conduct a proper analysis in finding that Gaines did not meet listing 1.04A, (2) the ALJ did not consider Gaines' obesity in combination with her other impairments, and (3) the ALJ conducted a flawed credibility analysis. (Objections, generally.)

**1. Listing 1.04A**

Gaines objects to the magistrate judge's conclusion that the ALJ conducted a proper analysis in finding that Gaines' back disorder did not meet listing 1.04A, 20 C.F.R. Part 404, Subpart P, Appendix 1. "For a claimant to show that [her] impairment matches a listing, it must meet all of the specified medical criteria." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). "A claimant bears the burden of showing that his or her impairment meets or equals a listed impairment." Smith v. Astrue, No. 3:07CV00014, 2007 WL 4276377, at *3 (W.D. Va. Nov. 9, 2007) (unpublished). The court finds that the ALJ properly considered whether she met listing 1.04A. The ALJ evaluated Gaines' neck and back pain and determined that they did not meet listing 1.04A.

In the instant case, the ALJ explicitly considered whether Gaines' impairment met listing 1.04A. (R. at 16.) The ALJ stated that

> [i]n order to meet section 1.04 of the Listing of Impairments for neck and back pain, there must be evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and positive straight leg raising test, sitting and supine. In addition, there must be functional loss, which is defined as the inability to ambulate effectively on a sustained basis for any reason and this inability must have lasted or be expected to last for at least 12 months.

(Id. at 23-24.) He found no "credible medical evidence to show that [Gaines'] back disorder meets all the requirements of the listing. In particular[,] there is no evidence of inability to ambulate effectively as that phrase is defined in the regulations." (Id. at 24.)

Gaines objects that the ability to ambulate effectively is not part of listing 1.04A. The court finds that this objection is without merit. Listing 1.04A "requires, in part, a finding that the claimant has an inability to ambulate effectively." DeCoito v. Astrue,

No. 1:07-cv-0330-SEB-TAB, 2008 WL 906164, at *3 (S.D. Ind. Mar. 31, 2008) (unpublished); Reed v. Commissioner of Social Security, No. 07-15275, 2009 WL 877691, at *8 n.4 (E.D. Mich. Mar. 30, 2009) (unpublished) ("An inability to 'ambulate effectively' is part of Listing 1.04C, but is also applicable to an examination of 1.04A given that both a loss of strength and feeling can inhibit walking-something that did not happen in Plaintiff's case."). "Ineffective ambulation is defined generally as having insufficient lower extremity functioning . . . to permit independent ambulation without the use of a hand-held assistive device that limits the functioning of both upper extremities." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00B(2)(b)(1) (2008). "To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00B(2)(b)(2) (2008). "They must have the ability to travel without companion assistance to and from a place of employment or school." Id.

> Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

Id.

In her objections, Gaines does not dispute that she is able to ambulate effectively. Instead, Gaines argues that ineffective ambulation is not part of listing 1.04A. Further, there is no evidence prior to the expiration of Gaines' insured status that she had atrophy with associated muscle weakness or muscle weakness accompanied by sensory or reflex loss.

5

(R. at 98-105, 107-08, 110, 199-200.)  Based on the foregoing, the ability to ambulate effectively is part of listing 1.04A, and the ALJ properly found that Gaines failed to meet listing 1.04A.

### 2. Combination of Impairments

Gaines objects to the magistrate judge's conclusion that the ALJ considered Gaines' obesity in combination with her other medical impairments.  The magistrate judge found that the ALJ

> did evaluate Plaintiff's obesity in his decision as part of his evaluation of Plaintiff's other impairments, noting that notwithstanding her obesity Plaintiff was able to move about generally well and sustain consistent function, and that this impairment did not have a negative effect upon her ability to perform routine movement beyond the residual capacity found by the ALJ or upon her ability to sustain function over an eight hour day prior to her day last insured.

(Report and Recommendation 10.)  Gaines argues that the magistrate judge incorrectly found that the ALJ considered Gaines' obesity in combination with her other impairments. (Objections 2.)  Specifically, Gaines submits that the ALJ considered the effects of Gaines' obesity separately, but did not conduct "the combination analysis as required."  (Id.)

"At step two, the SSA will find nondisability unless the claimant shows that he has a 'severe impairment,' defined as 'any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities.'" Barnhart v. Thomas, 540 U.S. 20, 24 (2003) (quoting 20 C.F.R. § 404.1520(c)). When a claimant suffers from multiple impairments, the ALJ must consider their combined effect in determining whether the claimant is disabled.  Walker v. Bowen, 889 F.2d 47, 49-50 (4th Cir. 1989).  "Congress explicitly requires that the combined effect of all the individual's impairments be considered, without regard to whether any such impairment if considered

6

separately would be sufficiently severe." Id. at 49 (internal quotation marks omitted). "As a corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments." Id. at 50.

Based on the record, there is evidence from which a factfinder could conclude that Gaines' impairments in combination do not preclude her ability to perform sedentary work. However, the court is constrained to remand this matter because the ALJ, as factfinder, did not explicitly state that the impairments were considered in combination. The ALJ discusses Gaines' low back pain, depression, and obesity separately, but nowhere does the ALJ consider the combined effects of Gaines' impairments on her ability to work. Therefore, the court remands this case to allow the ALJ to consider all of Gaines' impairments in combination.

### 3. Credibility Analysis

Gaines objects to the magistrate judge's conclusion that the ALJ properly evaluated Gaines' credibility. (Objections 2.) Specifically, Gaines argues that the magistrate judge ignored "the evidence of record" and "the fact that the supposed credibility 'inconsistencies' cited by the ALJ were not inconsistencies at all, but were isolated portions of the records, exaggerated, misstated, and taken out of context." (Id. 3.) Subjective complaints of pain are evaluated under the test articulated in Craig, 76 F.3d at 594-95. "[T]he determination of whether a person is disabled by pain or other symptoms is a two-step process." Id. at 594. "First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and *which could reasonably be expected to produce the pain or other symptoms alleged*." Id. (internal quotation marks omitted). The ALJ must "expressly consider the threshold question of

7

whether [Gaines] . . . demonstrated by objective medical evidence an impairment capable of causing the degree and type of pain she alleges." Id. at 596. Only after a claimant has met the threshold showing of a medical impairment likely to cause pain must "the intensity and persistence of the claimant's pain, and the extent to which it affects [her] ability to work . . . be evaluated." Id. at 595. In making these determinations,

> [i]t is not sufficient for the adjudicator to make a single, conclusory statement that the "individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

SSR 96-7p, 1996 WL 374186, at *2 (1996).

The ALJ found that "[a]fter considering the evidence of record, . . . the claimant's medically determinable impairments could have been reasonably expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (R. at 26.) The ALJ discussed Gaines' testimony and the medical evidence. Gaines testified that she ceased working on November 27, 2002, after she was in a motor vehicle accident in which she injured her back. (Id. at 256.) For several years Gaines received conservative treatment and ultimately had back surgery on July 26, 2005, after the expiration of her insured status. The ALJ noted that following back surgery, Gaines was seen by Dr. Donald Johnson, an orthopedist, on August 29, 2005, who indicated that Gaines was doing well. (Id. at 204.) On September 30, 2005, Dr. Barry Weissglass ("Dr. Weissglass") examined Gaines and found that she had pain on

extension and walked stiffly with a cane. However, Dr. Weissglass found that Gaines had normal motor and sensory examination, equal deep tendon reflexes, and normal right and left flexion. As a result of his examination, Dr. Weissglass opined that Gaines would be limited in bending, twisting, lifting, or prolonged standing or sitting. (Id. at 26, 183-84.) In addition, Dr. Weissglass noted that Gaines has "some depression" but appeared "reasonably animated and totally appropriate." (Id. at 184.) Further, Dr. Weissglass concluded that Gaines' diabetes, hypertension, and hyerlipidemia would not affect her ability to work.

Gaines testified that her daily activities are very limited and that she is not able to perform household chores. (R. at 264.) Gaines testified that she spends "[a]ll day laying down." (Id. at 262.) Further, Gaines rated her pain on a scale of 1 to 10 as an 8 for her back and leg pain and a 5 for her neck pain. (Id. at 262-63.) However, she reported to Dr. William G. Kee ("Dr. Kee"), a pyschologist, on January 13, 2006, that she had attended an aerobic class at the pool, could perform brief household activities, and attend church. (Id. at 214.) Further, she indicated that pain medication provided 70% pain relief. (Id. at 216.) Gaines' testimony is inconsistent with information that she provided to Dr. Kee.

In her objections, Gaines generally objects that the ALJ and the magistrate judge have taken certain evidence out of context and exaggerated the evidence. However, Gaines does not cite any specific medical evidence in the record in support of her argument that the ALJ conducted a flawed credibility analysis. Further, it is the ALJ's responsibility to weigh the evidence and resolve conflicts in the evidence. Hays, 907 F.2d 1456. The court has reviewed the record and finds that the ALJ conducted a proper credibility analysis in concluding that Gaines' subjective complaints of pain were not entirely credible.

In sum, based on the record before this court, the court is unable to determine whether the ALJ's decision is supported by substantial evidence because the ALJ did not consider Gaines' obesity in combination with her other impairments. The court's decision in this matter should not be construed to indicate that the court has an opinion regarding whether Gaines is entitled to benefits. Based on the foregoing, the court adopts Magistrate Judge Marchant's Report and Recommendation to the extent it is consistent with this order.

Therefore, it is

**ORDERED** that the Commissioner's decision is reversed and the case is remanded to the Commissioner for further proceedings consistent with this opinion.

**IT IS SO ORDERED**.

                                              s/Henry M. Herlong, Jr.
                                              United States District Judge

Greenville, South Carolina

May 12, 2009